UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PATRICK BOYER,<br><br>        Plaintiff,<br><br>  v.<br><br>RUFUS YOUNKPAO DOELUE, et al.,<br><br>        Defendants. | Civil Action No. 20-05264<br><br>**OPINION** |

**APPEARANCES:**

CHRISTOPHER JOSEPH GREEN
MARC I. SIMON
SIMON & SIMON
1818 MARKET STREET
SUITE 2000
PHILADELPHIA, PA 19103
    *Counsel for Plaintiff*

HAROLD THOMASSON
DAVID B. WRIGHT & ASSOCIATES
3000 ATRIUM WAY
MT. LAUREL, NJ 08054

    *Counsel for Defendants Comfort Doelue*
    *and Rufus Younkpao Doelue*

**HILLMAN**, District Judge

This matter arises from a car crash between Plaintiff and Defendant Rufus Younkpao Doelue ("Defendant Rufus") on August 13, 2019. Plaintiff brings claims for negligence and negligent entrustment. Presently before the Court is Defendant Comfort Doelue's ("Defendant Comfort") Motion for Summary Judgment, (ECF No. 7), which Plaintiff has opposed. (ECF No. 10.) For the

1

reasons that follow, Defendant Comfort's Motion will be denied without prejudice.

## BACKGROUND

On August 13, 2019, Plaintiff and Defendant Rufus were in an automobile accident with each other. (ECF No. 7 Statement of Material Facts "SMF" ¶1.) Defendant Rufus was operating the vehicle involved in the accident and not Defendant Comfort. (SMF ¶1, 6.) This present motion focuses entirely on the ownership of the vehicle driven by Defendant Rufus. Defendant Comfort, by way of affidavit, swears that she was not the registered owner of the vehicle driven by Defendant Rufus and instead the registered owner is Defendant Rufus. (ECF No. 7 Affidavit of Comfort Doelue "Doelue Aff." ¶¶1, 4; SMF ¶¶2, 4.) Plaintiff disputes this fact and alleges that "[u]pon information and belief, Defendant Comfort Doelue is a registered owner of the vehicle" and explains that "Plaintiff has not been supplied with the defendants' declarations page of insurance to determine the registered owner of the vehicle." (ECF No. 10 Plaintiff's Response to SMF at ¶¶2-3.)

## DISCUSSION

**a. Subject Matter Jurisdiction**

The Court has original jurisdiction over Plaintiff's claims under 28 U.S.C. § 1332.

**b. Legal Standard for Summary Judgment**

Summary judgment is appropriate where the Court is satisfied that the materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, or interrogatory answers, demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986); FED. R. CIV. P. 56(a).

An issue is "genuine" if it is supported by evidence such that a reasonable jury could return a verdict in the nonmoving party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if, under the governing substantive law, a dispute about the fact might affect the outcome of the suit. Id. In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence "is to be believed and all justifiable inferences are to be drawn in his favor." Marino v. Industrial Crating Co., 358 F.3d 241, 247 (3d Cir. 2004)(quoting Anderson, 477 U.S. at 255).

Initially, the moving party has the burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met this burden, the nonmoving party must identify, by

affidavits or otherwise, specific facts showing that there is a genuine issue for trial. Id. Thus, to withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the moving party. Anderson, 477 U.S. at 256-57. A party opposing summary judgment must do more than just rest upon mere allegations, general denials, or vague statements. Saldana v. Kmart Corp., 260 F.3d 228, 232, 43 V.I. 361 (3d Cir. 2001).

   **c. Analysis**

   Defendant Comfort argues she should be dismissed from this action because (1) Defendant Rufus was not operating the vehicle as Defendant Comfort's agent or employee; and (2) Defendant Comfort is not the owner of the vehicle. (See ECF No. 7 at 4.) In support of this argument, Defendant Comfort submits a sworn affidavit explaining that she is not the registered owner of the vehicle. (See Doelue Aff. ¶¶1-4.) In response, Plaintiff contends he is entitled to receive the insurance declaration page or any corroborating evidence that demonstrates Defendant Comfort is not the owner of the vehicle driven by Defendant Rufus. He argues Defendant Comfort cannot just rely on her self-serving affidavit in support of her Motion for Summary Judgment without providing the declaration page or any other corroborating evidence. Plaintiff even explains he would be

4

"more than willing to dismiss claims against Defendant Comfort Doelue should such documentation by provided" and that until then he is "entitled to explore this information in discovery and in depositions." (ECF No. 10 at 7.)

Given these assertions, to which Defendant Comfort has not responded, the Court agrees that a ruling dismissing Defendant Comfort from this matter would be premature. Rule 56(d) of the Federal Rules of Civil Procedure provides that, upon a showing by a party that, for specified reasons, he cannot "present facts essential to justify" his opposition to a motion for summary judgment, the Court may defer consideration of or deny the motion, allow time for the party to take discovery, or issue any other appropriate order. FED. R. CIV. P. 56(d). Although Plaintiff has neither submitted a separate motion under Rule 56(d) nor provided a separate affidavit in support of his request, this Court finds that he has satisfactorily provided information to warrant the Court to deny the motion as premature. Craig v. Lew, 109 F. Supp. 3d 268, 280 (D.C. Cir. 2015).[1] Plaintiff should be given an opportunity to conduct further discovery of the material fact of whether Defendant Comfort was the registered owner of the vehicle at issue in this lawsuit before the Court considers a request for summary

---

[1] Defendant Comfort does not challenge the procedure in which Plaintiff has made his Rule 56(d) request.

5

judgment against Plaintiff.  A court is "obliged to give a party opposing summary judgment an adequate opportunity to obtain discovery."  See Doe v. Abington Friends Sch., 480 F.3d 252, 257 (3d Cir. 2007) (quoting Dowling v. City of Phila., 855 F.2d 136, 139 (3d Cir. 1988))); see also Gooden v. Twp. of Monroe, No. 05-2472, 2006 WL 561916 at *2 (D.N.J. March 7, 2006) (denying motion for summary judgment as premature "because [p]laintiff has not had an opportunity to obtain important relevant evidence through discovery channels").

    Consequently, this Court will deny Defendant Comfort's Motion for Summary Judgment without prejudice to Defendant Comfort's right to re-file once discovery on this issue is complete.  See Lee v. Sunrise Sr. Living, Inc., 455 Fed. App'x 199, 202 (3d Cir. 2011) (affirming district court's denial of motion for summary judgment because discovery had not yet been completed); Miller v. Beneficial Management Corp., 977 F.2d 834, 846 (3d Cir. 1992) (reversing grant of summary judgment as premature where several depositions remained to be taken); Costlow v. United States, 552 F.2d 560, 564 (3d Cir. 1977) (holding that a continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course); Otero v. Cty. of Monmouth, No. 06-3435, 2007 WL 2363821, at *1 (D.N.J. Aug. 16, 2007) (denying summary judgment without prejudice because discovery was not yet complete).

## **CONCLUSION**

For the reasons stated above, Defendant Comfort's Motion for Summary Judgment will be denied.  An appropriate Order will be entered.

Date: January 22, 2021              s/ Noel L. Hillman
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.